UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

WALTER T. STOREY,                    )
                                     )
      Petitioner,                    )
                                     )
vs.                                  )      Case No. 4:05-CV-2073 (JCH)
                                     )
DONALD P. ROPER,                     )
                                     )
      Respondent.                    )

## MEMORANDUM AND ORDER

The matter is before the Court on Respondent's Motion to Dismiss, filed on March 12, 2007.

(Doc. No. 18). The matter is fully briefed and ready for a decision.

## BACKGROUND

On November 15, 1991, a jury in the Circuit Court of St. Charles County, Missouri found

Petitioner guilty of First Degree Murder, Armed Criminal Action, Second Degree Burglary, and

Tampering with Evidence. (Pet., Doc. No. 17 pg. 6). He received consecutive sentences of death by

lethal injection, life without the possibility of parole, seven years, and five years. (Id. at pg. 6).

Petitioner appealed, and between 1991-1999 he was retried twice regarding his sentence of death.

(Id. at pg. 6-7). After the final retrial, Petitioner appealed to the Missouri Supreme Court, which

affirmed his death sentence on March 6, 2001. State v. Storey, 40 S.W.3d 898 (Mo. 2001). Petitioner

filed a petition for writ of certiorari on July 20, 2001, which was denied on October 1, 2001. Storey

v. Missouri, 534 U.S. 921 (2001).

On July 19, 2001, Petitioner filed a Motion to Vacate, Set Aside or Correct the Judgment or

Sentence with the Circuit Court of St. Charles County ("Post-Conviction Court"), which was denied

on March 18, 2004. (Pet., Doc. No. 17 pg. 7). Petitioner appealed, and the Missouri Supreme Court

affirmed the Post-Conviction Court's judgment on October 18, 2005. <u>Storey v. State</u>, 175 S.W.3d 116 (Mo. 2005). It denied his motion for a rehearing on November 22, 2005. (Pet., Doc. No. 17 pg. 7).

Pursuant to Mo. Ct. R. 91 ("Rule 91"), Petitioner filed a petition for writ of habeas corpus with the Missouri Supreme Court on November 15, 2006. (Resp., Doc. No. 18 Ex. C). It was denied on December 19, 2006. (<u>Id.</u> at Ex. D). Petitioner filed a second Rule 91 petition with the Missouri Supreme Court on December 21, 2006, which was denied on January 30, 2007. (<u>Id.</u> at Ex. E-F). On January 18, 2007 he filed a motion to recall the mandate, which the Missouri Supreme Court denied on February 27, 2007. (<u>Id.</u> at Ex. G-H). On March 5, 2007, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 17). Respondent alleges that the Petition is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

## <u>MOTION TO DISMISS STANDARDS</u>

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co., Inc. v. United States</u>, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." <u>Fusco v. Xerox Corp.</u>, 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## <u>DISCUSSION</u>

As previously stated, Respondent asserts that the Petition is time-barred because the Rule 91 petitions and the motion to recall the mandate ("Motions") did not toll the limitations period. Neither side disputes that the limitations period began running on November 22, 2005 and, unless tolled, would have run on November 22, 2006.[1] Assuming that all three Motions tolled the limitations period, the Petition was filed exactly one year after the judgment became final.[2] Thus, the Petition is untimely if any of the Motions failed to toll § 2244(d)(1).

The applicable statute of limitations is as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Thus, the Court must determine if the Motions were "properly filed" and if they are considered "application[s] for State post-conviction or other collateral relief."

**(1)**     <u>**Meaning of Properly Filed**</u>

The Supreme Court holds that a petitioner must follow the applicable state filing rules for an application to be considered "properly filed." <u>Artuz v. Bennett</u>, 531 U.S. 4, 8-10 (2000). Applicable filing rules usually prescribe "the form of the document, the time limits upon its delivery, the court

---

[1] Petitioner filed a motion to appoint counsel on November 4, 2005. (Doc. No. 1) A federal habeas case, however, commences with the filing of an application for habeas relief, not with the filing of a motion to appoint counsel. <u>Woodford v. Garceau</u>, 538 U.S. 202, 205-08 (2003).

[2] Under the Petitioner's calculation, the statute of limitations ran from November 22, 2005 until November 15, 2006, a period of 358 days. It then ran again for one day on December 20, 2006. Finally, it ran for six days from February 28, 2007 until March 4, 2007. These periods total 365 days.

and office in which it must be lodged, and the requisite filing fee." Id. at 8. An application that is filed according to the applicable rules, but containing procedurally defaulted claims, is considered "properly filed." Id. at 9; Snow v. Ault, 238 F.3d 1033 (8th Cir. 2001); Pratt v. Greiner, 306 F.3d 1190, 1192 (2d Cir. 2002)(holding that its "inquiry into whether a state court motion was 'properly filed' is limited to ensuring adherence to the state court filing procedures and does not extend to scrutinizing the merits of the motion."). If an application is "erroneously accepted by the clerk of a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*." Artuz, 531 U.S. at 9(emphasis in original). Additionally, a petition filed after the relevant time limit is not considered properly filed. Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005); Lewis v. Norris, 454 F.3d 778, 781 (8th Cir. 2006).

Missouri requires that a petition for writ of habeas corpus in a capital case be filed with the Missouri Supreme Court. Mo. Ct. R. 91.02(b). Rule 91 does not prescribe a limitation period on petitions for writ of habeas corpus. Id.[3] Petitioner's Rule 91 petition complied with these, and all other, applicable filing rules. Petitioner's motion to recall the mandate alleged that the Missouri Supreme Court impinged upon his federal constitutional rights. (Doc. No. 8 Ex. G). Based on this allegation, Petitioner is allowed to file a motion to recall the mandate. See State v. Thompson, 659 S.W.2d 766, 768-69 (Mo. 1983)(recalling the mandate is proper when the appellate court's judgment impinges upon the federal constitutional rights of the accused). Thus, Petitioner's Motions were properly under § 2244(d)(2).

**(2)    Meaning of "Other Collateral Review"**

---

[3]In dicta, an Eastern District of Missouri case suggests that a Rule 91 petition is not "properly filed" when it is summarily dismissed by the Missouri state court. Hamilton v. Dwyer, No. 4:04-CV-161DJS/MLM, 2005 WL 1668145, at *8 n. 2 (E.D. Mo. July 18, 2005). This Court respectfully disagrees because Artuz requires the opposite conclusion.

Petitioner alleges that the Motions are considered "other collateral review" under § 2244(d)(2). Respondent asserts that a motion to recall the mandate is not a collateral attack. It also asserts that Petitioner's Rule 91 petitions did not toll the limitations period because they were not necessary for the exhaustion of state court remedies.

The Supreme Court has offered little guidance on what specific types of motions are considered applications for "State post-conviction or other collateral review" under § 2244(d)(2). The Court has explained that "Congress may have refrained from exclusive reliance on the term 'post-conviction' so as to leave no doubt that the tolling provision applies to all types of state collateral review after a conviction and not just those denominated 'post-conviction' in the parlance of a particular jurisdiction." Duncan v. Walker, 533 U.S. 167, 177 (2001). The Court has also instructed that § 2244(d)(2) is meant to promote exhaustion of state remedies, Id. at 178 and a claim is considered exhausted[4] when it has gone through "one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The Eighth Circuit has declined to determine whether a Rule 91 motion is considered "other collateral review." Gray v Gammon, 283 F.3d 917, 918 (8th Cir. 2002); see Bridges v. Johnson, 284 F.3d 1201, 1202 n.1 (11th Cir. 2002)(holding a state habeas petition tolls the limitations period). The Eighth Circuit has suggested, however, that a motion to recall the mandate is "other collateral review." Marx v. Gammon, 234 F.3d 356, 357 (8th Cir. 2000)(assuming without discussion that a motion to recall the mandate tolls the limitations period if it were properly filed).

---

[4]The exhaustion provision provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Other courts have interpreted the meaning of "other collateral review." The Fifth Circuit, after applying the rules of statutory interpretation, held that "other collateral review" means a motion that reviews or attacks the judgment underlying petitioner's conviction. See Moore v. Cain, 298 F.3d 361, 365-67 (5th Cir. 2002)(concluding that a petition for writ of mandamus is not considered "collateral review" because it does not review the judgment). The Tenth Circuit interprets "other collateral review" to include attacks not only on the conviction but also on the sentence. See Howard v. Ulibarri, 457 F.3d 1146, 1148 (10th Cir. 2006); Lewis v. Mitchell, 173 F. Supp. 2d 1057, 1060-61 (C.D. Cal. 2001); but see Johnson, 284 F.3d at 1202 (holding motion to reduce sentence is not considered "other collateral review" because it does not attack the judgment); Ledoux v. Dennehy, 327 F. Supp. 2d 97, 99 (D. Mass. 2004)(motion to revise sentence is not collateral review because it is not a separate and distinct proceeding from the original proceeding). Other courts, applying the same reasoning, hold that a motion to test DNA and a petition for writ of coram nobis are considered "other collateral review." Lebron v. Sanders, No. 02 Civ. 6327(RPP), 2004 WL 369141, at *3 (S.D.N.Y. Feb. 27, 2004)(coram nobis); McDonald v. Smith, No. 02-CV-6743 (JBW), 2003 WL 22284131, at *5-6 (E.D.N.Y. Aug. 21, 2003)(DNA).

Conversely, motions that do not attack the judgment are not considered "other collateral review." Sanders, 2004 WL 369141, at *2(holding motion to obtain documents does not toll § 2244(d)(1)). Additionally, no tolling occurs if the motion fails to present a federally cognizable claim. Palmer v. Carlton, 276 F.3d 777, 780 (6th Cir. 2002). A petition for clemency, which is made to a state's executive branch, does not toll the limitations period because § 2244(d)(2) applies to state judicial proceedings. Malcolm v. Payne, 281 F.3d 951, 960 (9th Cir. 2002). Nonsensical or bad faith motions also do not toll the limitations period. Sibley v. Culliver, 377 F.3d 1196, 1200-01 (11th Cir.

2004)(discussing petitioner's state court motions containing claims that the state treated him as a serf and that he did not knowingly trade with an enemy of the United States).

Upon consideration, the Court finds that Petitioner's Motions are "other collateral review" under § 2244(d)(2). Both a Rule 91 petition and a motion to recall the mandate attack the underlying judgment, are distinct and separate proceedings from the original proceeding,[5] and present federally cognizable claims.[6] The Motions are similar to other unusual relief, such a petition for writ of coram nobis or motion to test DNA, that can toll the limitations period even after a petitioner has gone through the normal post-conviction relief process. Sanders, 2004 WL 369141, at *3; McDonald v. Smith, 2003 WL 22284131, at *5-6. Furthermore, the Motions do not resemble motions, such as those for clemency or to obtain documents, that are not considered "other collateral review." Sibley, 377 F.3d at 1200-01; Payne, 281 F.3d at 960. Finally, the Eighth Circuit's implicit suggestion that a motion to recall the mandate is "collateral review" supports the Court's holding. Gammon, 234 F.3d at 357. Thus, Respondent's Motion to Dismiss is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss (Doc. No. 18) is **DENIED**.

---

[5]Respondent asserts that recalling the mandate is part of the direct appeal and cannot be considered collateral review. To support this proposition, he cites State v. Whitfield, 107 S.W.3d 253, 256 (Mo. 2003). In that case, the Missouri Supreme Court recalled a mandate in light of newly decided United States Supreme Court precedent. Whitfield does not characterize or explain what type of relief a motion to recall the mandate is.

[6]Respondent asserts this interpretation will allow a death row inmate to indefinitely delay his execution by filing state habeas petitions. The Court believes this fear is unwarranted. The Missouri Supreme Court can amend the Missouri Court Rules to prevent an inmate from filing consecutive state habeas petitions.

Dated this 27th day of March, 2007.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE